CROSS, Judge.
The Florida Department of Health and Rehabilitative Services seeks through interlocutory appeal review of an order denying appellant’s motion for change of venue in an action to recover damages for wrongful death.
On February 17, 1975, Peter Alan Wagner was beaten to death by two juvenile inmates who had escaped from the Nova Living and Learning Center of Nova University, Inc., a behavioral or correctional institute located in Broward County, Florida. Suit was filed alleging that the Florida Department of Health and Rehabilitative Services, through its Division of Youth Services, was negligent along with others in the manner in which the inmates at the Nova Center were selected and supervised.
The Department filed its motion for change of venue on the ground that suits sounding in tort brought against state agencies, even though other defendants are involved, must be brought in the county wherein the agency maintains its principal office. The motion for change of venue was denied. Hence, this interlocutory appeal.
The sole question presented for our determination is whether the trial court erred in denying appellant’s motion for change of venue.
Our recent decision in Game & Fresh Water Fish Commission v. Carlile, 341 So.2d 1015 (Fla. 4th DCA 1977), aff’d 354 So.2d 362 (Fla.S.Ct. Opinion filed November 30, 1977), is directly on point. In Carlile, we determined that a tort action brought against the state or one of its agencies must be maintained'in the county wherein the agency maintains its principal headquarters. Thus, in the instant case proper venue lies in Leon County.
The trial court’s reliance on our decision in Swinscoe v. State, Department of Revenue, 320 So.2d 11 (Fla. 4th DCA 1975), is misplaced. The Swinscoe case is one wherein it was the state agency which was the “initial sword-wielder”[1] and thus fell within the well recognized exception to genera] venue requirements that permits suit to be filed in the county wherein agency action -is threatened or imminent. Such is not the case here where the Department of Health and Rehabilitative Services is charged with negligence.
Accordingly, the order denying appellant’s motion for change of venue is reversed and the cause remanded to the trial court with directions to enter an order transferring the case to Leon County, Florida.
Reversed and remanded, with directions.
ALDERMAN, C. J., and DOWNEY, J., concur.

. See State Department of Revenue v. First Federal Savings & Loan Association of Fort Myers, 256 So.2d 524 (Fla. 2d DCA 1971), and the discussion of that phrase in both our decision in Game & Fresh Water Fish Commission v. Carlile, 341 So.2d 1015 (Fla. 4th DCA 1977) and that of the Supreme Court at 354 So.2d 362 (Fla. Opinion filed November 30, 1977).