397 So.2d 375 (1981)
Josephine C. WAGNER, As Administratrix of the Estate of Peter Alan Wagner, a Deceased Minor, and Christy Ellen Wagner, a Minor by and through Her Mother and Next Friend, Josephine C. Wagner, Appellants,
v.
NOVA UNIVERSITY, INC., a Florida Corporation et al., Appellees.
No. 79-1634.
District Court of Appeal of Florida, Fourth District.
April 15, 1981.
Rehearing Denied May 13, 1981.
*376 Arnold R. Ginsberg of Horton, Perse & Ginsberg, and Harry A. Gaines, Miami, and Allen M. Rubin of Glickstein, Rubin & Rubinchik, P.A., Hollywood, for appellants.
Frank M. Hamilton of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellee Nova University, Inc.
Jonathan J. Davis of Walton, Lantaff, Schroeder & Carson, Fort Lauderdale, for appellee-Department of Health and Rehabilitative Services of the State of Florida.
HURLEY, Judge.
This is an appeal from a non-final order concerning venue.[1] Appellants question the propriety of an order transferring two consolidated cases to Leon County for trial. We affirm in part and reverse in part.
Appellant, Josephine C. Wagner, in her capacity as personal representative for the estate of her son, Peter, is the plaintiff in case #76-20760. Christy Wagner is the plaintiff in case #79-3084, though, because she is a minor, the suit was brought by her mother, Josephine Wagner. Each case shares three of same defendants (Charles and Janet Stevens and Nova University, Inc.), and case #79-3084 has a fourth defendant: the Florida Department of Health and Rehabilitative Services.
At the instance of defendant Nova University, Inc., and over plaintiffs' objections, the trial court consolidated the cases. Shortly thereafter, defendant Department of Health and Rehabilitative Services elected to exercise its venue privilege[2] and moved to transfer case #79-3084 to Leon County. Again, over plaintiffs' objections, the trial court granted the department's motion and ordered the two consolidated cases transferred to Leon County for trial.
At this juncture in the proceedings, the question is not whether the cases were *377 properly consolidated in the first instance, but rather, whether it was an abuse of discretion to continue to enforce the consolidation order when it became apparent that the state would exercise its venue privilege and that the plaintiff in case #76-20760 would be prejudiced thereby. We hold that the trial court erred in failing to sever the claim against the Department of Health and Rehabilitative Services and in transferring case #76-20760 to Leon County.
Consolidation is governed by Rule 1.270(a), Fla.R.Civ.P., which provides:
When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.
The language of subsection (a), above, duplicates Federal Rule 42(a); its purpose "is to permit trial convenience and economy in administration." MacAlister v. Guterma, 263 F.2d 65, 68 (2d Cir.1958). Yet, as noted in the Authors' Comments to Rule 1.270, "[i]t should not be used to deprive a party of any substantive rights which would be denied unless the actions proceeded separately."
Consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-97, 53 S.Ct. 721, 728, 77 L.Ed. 1331 (1933) (footnote omitted). "Rather, each suit [maintains] its independent status with respect to the rights of the parties involved." State Mutual Life Assurance Co. v. Deer Creek Park, 612 F.2d 259, 267 (6th Cir.1979). See also American Employers Insurance Co. v. J.H. Atkins & Associates, Inc., 332 So.2d 348 (Fla. 4th DCA 1976).
Since the state was not a party to case #76-20760[3] and inasmuch as change of venue for the convenience of the parties or witnesses[4] was not raised in that case, the plaintiff was entitled to have the case tried in the venue of her choice, i.e., Broward County. Houston v. Caldwell, 359 So.2d 858 (Fla. 1978). We do not fault the trial court for its initial decision to consolidate the cases. In fact, that decision appears to have been entirely correct.[5] But, we believe the court erred when, in reliance upon the consolidation order, it transferred both cases to Leon County. When it became apparent that the plaintiff in case #76-20760 would be divested of her "right" to have that case tried in Broward County, the court, at a minimum, had an obligation to sever the cases so that case #76-20760 could be tried in Broward County.
On the other hand, since the state properly exercised its venue privilege in case #79-3084, it is entitled to be sued in Leon County and, therefore, the claim against it was properly transferred. Department of Health & Rehabilitative Services v. Wagner, 361 So.2d 739 (Fla. 4th DCA 1978). However, venue as to the other claims in #79-3084 is a matter which remains within the sound discretion of the trial court. Liberty Mutual Insurance Co. v. Ford, 392 So.2d 354 (Fla. 4th DCA 1981).
Accordingly, the order on appeal is affirmed in part and reversed in part and the cause is remanded to the trial court with instructions to transfer the claim against the State Department of Health and Rehabilitative Services to Leon County, and to exercise its discretion and determine whether the other claims in case #79-3084 should remain consolidated with those in case #76-20760 or whether all of the claims in *378 case #79-3084 should be transferred to Leon County.
ANSTEAD and HERSEY, JJ., concur.
NOTES
[1] Rule 9.130(a)(3)(A), Fla.R.App.P.
[2] Florida Public Service Comm'n v. Triple "A" Enterprises, Inc., 387 So.2d 940 (Fla. 1980); Department of Health & Rehabilitative Services v. Wagner, 361 So.2d 739 (Fla. 4th DCA 1978); Game & Fresh Water Fish Comm'n v. Carlile, 341 So.2d 1015 (Fla. 4th DCA) aff'd, 354 So.2d 362 (Fla. 1977).
[3] Initially, the state was a defendant in 76-20760 and filed a motion for change of venue which was denied by the trial court. We reversed in Department of Health & Rehabilitative Services v. Wagner, supra note 2. On remand, the trial court gave plaintiff the option of voluntarily dismissing the state or of having the case transferred to Leon County; plaintiff chose to dismiss the state.
[4] Section 47.122, Fla. Stat. (1979).
[5] See DeFigueiredo v. Trans World Airlines, Inc., 55 F.R.D. 44 (S.D.N.Y. 1971).