SUAREZ, J.
Armando C. Santana (“Santana”) appeals the trial court’s order dismissing counts one and two of his six-count second amended complaint with prejudice. We dismiss this appeal and do not reach the merits as it is taken from a nonfinal order.
Santana filed suit against the Florida International University (“FIU”) for declaratory and injunctive relief after it denied his application to law school. The court dismissed, with prejudice, Counts I and II which allege that he was denied admission based on his membership in a protected class, and that the rejection violated his rights under the education clause of the Florida Constitution. The court dismissed Santana’s four remaining counts with leave to amend. The action remains pending in the lower court.
*243 We dismiss this appeal because it was taken from a nonfinal non-appealable order. Piecemeal appeals from nonfinal orders are not permitted where “claims are interrelated and involve the same transaction and the same parties remain in the suit.” S.L.T. Warehouse Co. v. Webb, 304 So.2d 97, 99 (Fla.1974). Whether an order is final and appealable depends upon “whether the order in question constitutes an end to the judicial labor in the cause, and nothing further remains to be done by the court to effectuate a termination of the cause as between the parties directly affected ....” Id. That is, an appealable final order disposes of all the issues in the case.
Here, Santana attempts to appeal the dismissal of two counts of a six-count complaint. Although he bases each count on different legal theories, they all relate to FIU’s rejection of his law school application, they all involve the same parties— Santana and the law school — and the action is still pending between the same parties in the court below. Therefore, the order is not final, the appeal is premature and would result in piecemeal appeals. S.L.T. Warehouse, 304 So.2d at 97 (dismissing the appeal of the trial court’s dismissal of a counterclaim where the parties remained in the suit and claims were still pending in the trial court); Miami-Dade Water & Sewer Auth. v. Metro. Dade County, 469 So.2d 813 (Fla. 3d DCA 1985) (dismissing the appeal of an order granting summary judgment on one count of a mul-ti-count complaint where several other claims relating to the same parties and issues remained pending). Accordingly, the order in question is not appealable and is hereby dismissed.
Appeal dismissed.