# Third District Court of Appeal

## State of Florida

Opinion filed July 23, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-2969
Lower Tribunal No. 08-36387
_____

**Vera Mender, an individual,**
Appellant,

vs.

**Mallory Kauderer, etc., et al.,**
Appellees.

An appeal from the Circuit Court for Miami-Dade County, Jose M. Rodriguez, Judge.

Lehtinen Schultz Riedi Catalano & de la Fuente and Claudio Riedi, for appellant.

Arnaldo Velez, for appellees and J. Alfredo Armas and Peter C. Bianchi, Jr., for appellees Nominal Companies.


Before SUAREZ, ROTHENBERG, and LOGUE, JJ.

SUAREZ, J.

Vera Mender ("Mender") appeals from an order dismissing her Third Amended Complaint with prejudice. We reverse.

Mender was the minority shareholder in three limited liability companies, and the shareholder in two additional corporations. Messrs. Gothard and Kauderer ("defendants") were the two other majority shareholders. In 2008, Mender filed her Initial Complaint against the defendants and the corporate entities in her individual capacity, alleging various claims occurring in 2005, including breach of fiduciary duty, failure to distribute proceeds and profits to her from the sale of the LLCs, failure to account for transactions, failure to maximize revenues, among other claims. Mender sought personal damages and trial by jury.

Mender filed her First Amended Complaint in April 2011, still in her individual capacity but eliminating the corporate defendants, asking for declaratory relief and alleging additional claims of improper accounting against the defendants. In June 2011, Mender filed her Second Amended Complaint, bringing the same or similar claims but now in a strictly derivative capacity as minority shareholder on behalf of the LLCs, with the two corporations as nominal defendants. The defendants sought to dismiss the Second Amended Complaint, asserting that Mender's individual claims were improperly brought in a representative capacity.

Before the trial court ruled, Mender moved to file a Third Amended Complaint, making non-substantive revisions and requesting relief on behalf of the LLCs and herself as a minority shareholder. In May 2012, each defendant moved to dismiss parts of the Third Amended Complaint based on Mender's improper mixing of personal and derivative claims

and damages. The trial court denied the motions and the defendants answered, presented affirmative defenses, and requested a jury trial. Mender moved to strike, asserting that by altering the nature of her complaint from an individual capacity to a strictly derivative action, jury trial was now inappropriate. The trial court struck the jury trial request.

The defendants moved for summary judgment arguing that Mender's derivative causes of action should be considered new, did not relate back to the original Complaint filed in 2008, or allege a continuing tort. Furthermore, defendants argued, the acts complained of in the Third Amended Complaint occurred in 2005, and thus the Third Amended Complaint filed in March 2012 was time-barred by the applicable statute of limitation. After hearing argument from both parties, the trial court granted the defendants' motion for summary judgment and entered an order dismissing the Third Amended Complaint with prejudice.

The issue is whether Mender's Third Amended Complaint "relates back" to the Initial Complaint such that the cause of action is still viable, despite the statute of limitation having expired. Our standard for reviewing the trial court's grant of a motion for summary judgment, as well as an order dismissing a complaint with prejudice, is de novo. See Sierra v. Shevin, 767 So. 2d 524 (Fla. 3d DCA 2000); Extraordinary Title Servs., LLC v. Fla. Power & Light Co., 1 So. 3d 400 (Fla. 3d DCA 2009); GLK, L.P. v. Four Seasons Hotel Ltd., 22 So. 3d 635, 636 (Fla. 3d DCA 2009).

3

Florida Rule of Civil Procedure 1.190(a) provides, in pertinent part, that "[l]eave of court [to amend pleadings] shall be given freely when justice so requires." Florida courts follow a liberal policy with regard to the amendment of pleadings so that claims may be determined on their merits. See Burr v. Norris, 667 So. 2d 424, 426 (Fla. 2d DCA 1996) (finding that the trial court's denial of the plaintiff's motion to amend "was an abuse of discretion in light of Florida's liberal policy of allowing amendments to pleadings."); see also Dausman v. Hillsborough Area Reg'l Transit, 898 So. 2d 213, 215 (Fla. 2d DCA 2005) (holding that leave to amend should be freely given when the amendment is based on the same conduct, transaction and occurrence upon which the original claim was brought).

Rule 1.190(c) addresses when an amended pleading will relate back to an earlier pleading: "When the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading." Under this rule, as long as the claims alleged in an amended pleading arise from the same "conduct, transaction, or occurrence" alleged in an earlier pleading that was timely filed, the expiration of the statute of limitation in the interim will not bar the claims asserted in the amended pleading.

As the Second District Court of Appeal explained,

[T]he proper test of relation back of amendments is not whether the cause of action stated in the amended pleading is identical to that stated in the original (for in the strict sense almost any amendment

4

may be said to be a change of the original cause of action), but whether the pleading as amended is based upon the same specific conduct, transaction, or occurrence between the parties upon which the plaintiff tried to enforce his original claim. If the amendment shows the same general factual situation as that alleged in the original pleading, then the amendment relates back - even though there is a change in the precise legal description of the rights sought to be enforced, or a change in the legal theory upon which the action is brought.

Keel v. Brown, 162 So. 2d 321, 323 (Fla. 2d DCA 1964); see also Armiger v. Associated Outdoor Clubs, Inc., 48 So. 3d 864, 870 (Fla. 2d DCA 2010). In Flores v. Riscomp Indus., Inc., 35 So. 3d 146, 148 (Fla. 3d DCA 2010), this Court explained, "We have articulated the test to be whether 'the original pleading gives fair notice of the general fact situation out of which the claim or defense arises,'" and that "[t]he [relation back] doctrine is to be applied liberally to achieve its salutary ends." See also Caduceus Props., LLC v. Graney, 137 So. 3d 987 (Fla. 2014) (same), and cases cited therein.

With that in mind, a review of the Initial Complaint shows that Mender, as an individual, asserted a number of claims against Kauderer, Gothard, and the LLCs and corporations, and requested damages and trial by jury. The claims she asserted are more in the nature of claims of breaches of duty by a fiduciary to a shareholder. The Second and Third Amended Complaints allege the same or similar causes of action against the identical parties, but clarified Mender's status as a shareholder and characterized the claims in derivative terms. The legal theories have not changed; the

5

underlying facts and circumstances have not altered; no "new" parties have been added. In fact, the pleadings as amended are based upon the very same specific conduct, transactions, or occurrences, and between the same parties upon which Mender tried to enforce her original claims.

Although the limitation period may have run, the Third Amended Complaint clearly relates back to the timely-filed Initial Complaint, and should not have been dismissed with prejudice. Mender has stated viable causes of action and the characterization of the complaint as individual or derivative did not alter the underlying facts, circumstances, or parties, and gave fair notice to all parties of the general fact situation out of which the claims arose. See Kiehl v. Brown, 546 So. 2d 18 (Fla. 3d DCA 1989); Keel, 162 So. 2d at 323. We therefore reverse the order dismissing the Third Amended Complaint with prejudice and remand with instructions to deny the defendants' motion for summary judgment.

Reversed and remanded.