# Third District Court of Appeal

## State of Florida

Opinion filed September 28, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1050
Lower Tribunal Nos. 09-74709 & 10-30393

_____

**Brook Anderson,**
Appellant,

vs.

**Ira Epstein, etc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Antonio Arzola, Judge.

Pepe & Nemire, LLC, and Thomas F. Pepe, for appellant.

Wicker Smith O'Hara McCoy & Ford and Michael R. D'Lugo (Orlando), for appellees Ira Epstein, etc., et al.; Henry E. Marinello, for appellee 1211 Pennsylvania Condo. Ass'n, Inc.

Before SHEPHERD, LAGOA, and LOGUE, JJ.

LAGOA, J.

Brook Anderson ("Anderson") appeals from the trial court's order

dismissing with prejudice all counts against Ira Epstein ("Epstein") and Ira Epstein

as Trustee for the Ira Epstein Trust (the "Trustee"), and granting summary judgment on all but one count against 1211 Pennsylvania Condominium Association, Inc. (the "Association"), raised in Anderson's first amended complaint. For the following reasons, we dismiss in part and reverse in part.

I.    FACTUAL AND PROCEDURAL HISTORY

Anderson owns unit D-2 of The 1211 Pennsylvania Condominium a/k/a The Barbara (the "building"). Her unit is located on the second floor, directly below the roof. Epstein owns the penthouse unit, which is located on the roof of the building. Epstein installed outdoor carpet on the flat roof of the building, and Anderson alleges that the City of Miami Beach Building Department issued a citation for the improper installation of the outdoor carpet on the building's roof because it was installed without permits and without proper roof drainage.

A. The 2009 Case: Injunctive Relief Against the Association and Epstein

On October 9, 2009, Anderson filed an emergency sworn complaint for a preliminary injunction in lower tribunal case number 09-74709 (the "2009 case"). In her single count complaint, Anderson sought an injunction against Epstein and the Association, seeking access to the roof in order to correct the building violation. Anderson alleged that as a result of the failure to remove the outdoor carpet, she suffered extensive water damage to her unit. She also alleged that her unit had been rendered uninhabitable due to mold damage caused by the failure to remove the outdoor carpet. Anderson

2

alleged that she had demanded that Epstein and the Association remove the outdoor carpet and repair the roof, but that they had failed to do so. Anderson also alleged that Epstein was responsible to "pay the costs or damages which he has caused" and that the Association was "responsible to pay the costs of any damage or repairs to the common elements."

On February 2, 2010, Epstein filed a cross-claim for indemnification and declaratory relief against co-defendant, the Association. Epstein alleged that, pursuant to a stipulation for stay he entered into with Anderson, a roofer, an engineer, and Epstein inspected the roof above the unit and discovered two sources of water intrusion, neither of which were Epstein's fault or responsibility. Nevertheless, Epstein paid for repairs to cracks in the exterior walls and parapet, and for a replacement of a rusted scupper. Epstein sought indemnification for the cost of the repairs, $1,800.00, and for legal costs.

On February 2, 2011, the Association filed a counter/cross-claim against Epstein and the Trustee. The Association alleged that any water intrusion which resulted in damage to Anderson and her unit was a direct result of Epstein's and the Trustee's illegal and unlawful installation of outdoor carpet. The Association asserted claims seeking damages under common law and contractual indemnity, breach of the Declaration of 1211 Pennsylvania Condominium, and negligence per se.

3

B. The 2010 Case: Damages Against the Association

On May 26, 2010, Anderson filed a separate complaint asserting a single count of negligence against the Association in lower tribunal case number 10-30393 (the "2010 case"). Anderson alleged that in October of 2006, the Association was on notice that the water leaking from the roof was causing mold to grow between the walls, and that in the summer or fall of 2007, the Association was once again put on notice that the roof was leaking near the south perimeter wall adjacent to Anderson's unit. Anderson claimed that the mold caused her to need sinus surgery in May of 2008, and that in May of 2009 she was forced to move out of her unit due to the water damage. Anderson alleged that the Association owed a contractual and statutory duty to Anderson to make repairs to the building so as to stop the water from penetrating behind the walls and penetrating the roof above her unit, and that the Association was negligent when it breached its duty and allowed water to penetrate the roof and walls. Anderson alleged that she incurred damage to her unit and personal property, and that she suffered serious and permanent bodily injuries.

The Association filed a third-party complaint against Epstein and the Trustee in the 2010 case on March 1, 2011, alleging that any water intrusion claimed by Anderson was a result of Epstein's and the Trustee's illegal and unlawful installation of outdoor carpet. The

4

Association asserted claims seeking damages for common law and contractual indemnity, breach of the Declaration of 1211 Pennsylvania Condominium, and negligence per se.

C. Consolidation of the Cases

On March 3, 2011, the Association filed a motion to consolidate the 2010 case with the 2009 case, arguing that the two cases were directly related and concerned common questions of law and fact. On March 23, 2011, the trial court entered an order consolidating the two cases.

D. Anderson Amends the Complaints

On November 14, 2014, Anderson filed a motion to "amend complaint for injunctive relief" (i.e., the 2009 case) to add claims for breach of contract and breach of statutory duty against the Association, breach of fiduciary duty against Epstein and the Trustee, and claims for breach of contract, trespass, nuisance, and negligence against Epstein, the Trustee, and the Association. Anderson's proposed amendment to the 2009 complaint no longer sought injunctive relief.

That same date, Anderson also filed a motion to "amend complaint for damages" (i.e., the 2010 case) to add four additional causes of action (breach of contract, breach of statutory duty, trespass, and nuisance) to her already pending claim of negligence against the Association. Anderson did not seek to amend the 2010 case to assert any claims against Epstein or the Trustee.

5

On November 25, 2014, Anderson filed a "revised motion to amend complaint for damages" seeking leave to file "one pleading in both cases" against the Association, Epstein, and the Trustee, "and to add five additional causes of action involving the same set of facts."

The trial court granted the revised motion to amend the complaint, and the complaint at issue—Anderson's first amended complaint (the "amended complaint")—was deemed filed on December 4, 2014. Anderson's amended complaint, which bore both the 2009 and 2010 case numbers, alleged a single set of facts and asserted claims for breach of contract against the Association (count I), breach of contract against Epstein and the Trustee (count II), breach of statutory duty against the Association (count III), trespass against the Association, Epstein, and the Trustee (count IV), nuisance against the Association, Epstein, and the Trustee (count V), and negligence against the Association, Epstein, and the Trustee (count VI).

E. The Motions Attacking the Amended Complaint Based on Statute of Limitations

Epstein (but not the Trustee) filed a motion in the 2009 case to dismiss the amended complaint arguing, among other things, that the claims raised against him were barred by the applicable statutes of limitations. The Association filed a motion in both the 2009 and 2010 cases for summary judgment as to counts I, III, IV, and V, of the amended complaint, arguing that those counts against it were

6

barred by the applicable statute of limitations. The Association also filed a motion in both cases to dismiss the amended complaint as to counts IV and V.

The trial court subsequently entered an order dismissing with prejudice, "on the grounds of statute of limitations," all counts raised against Epstein and the Trustee in the amended complaint. The trial court's order also granted the Association's motion for summary judgment on the same basis, and dismissed counts I, III, IV, and V, against the Association. Notably, the Association had not moved for relief as to Count VI, nor did the trial court's order address Count VI as it relates to the Association. This appeal follows.

## II.    STANDARD OF REVIEW

This Court reviews an order dismissing a complaint with prejudice under a de novo standard of review. Mender v. Kauderer, 143 So. 3d 1011, 1013 (Fla. 3d DCA 2014). Likewise, the issue of whether a claim is barred by a statute of limitations is a question of law subject to de novo review. Beltran v. Miraglia, 125 So. 3d 855, 859 (Fla. 4th DCA 2013).

## III.    ANALYSIS

### A.    Dismissal of claims against the Association

Although neither party raised the issue to this Court, we dismiss Anderson's appeal of the trial court's dismissal of her claims against the Association. Although the trial court dismissed counts I (breach of contract), III (breach of statutory duty), IV (trespass), and V

7

(nuisance) of the amended complaint against the Association on the basis that each claim was time-barred, Count VI (negligence) remains pending below.

Count VI arises out of the same facts giving rise to Counts I through V. Because Count VI remains pending below, Anderson's appeal of the dismissal of Counts I, III, IV and V concerns a non-final, non-appealable order. See Santana v. Fla. Int'l Univ., 922 So. 2d 242 (Fla. 3d DCA 2006); Perry v. Schlumbrecht, 724 So. 2d 1239 (Fla. 2d DCA 1999); Biasetti v. Palm Beach Blood Bank, Inc., 654 So. 2d 237, 238 (Fla. 4th DCA 1995). Accordingly, we dismiss Anderson's appeal with regard to the Association.[1]

B.  Dismissal of claims against Epstein and the Trustee

1.  The Trustee

The motion to dismiss at issue in this case was filed solely by Epstein individually in the 2009 case. The Trustee was not a movant. Because Anderson's motion to "amend the complaint for injunctive relief" sought to add claims in the 2009 case against both Epstein and the Trustee, we must therefore conclude that Anderson's claims against the Trustee in the first amended complaint stemmed from the 2009 case. The trial court nonetheless granted relief to both Epstein and the Trustee. Because we do not have a transcript of the proceedings below, nor does the record contain a joinder by the Trustee with regard to the motion to

---

[1] We note, however, that our discussion regarding the relation back of Anderson's claims against Epstein likely will guide the trial court on remand with regard to Anderson's claims against the Association.

dismiss, we conclude that the trial court improperly granted relief to the Trustee as the record shows only Epstein as having filed a motion to dismiss.

2. Effect of Consolidation

"Consolidation does not merge suits into a single cause or change the rights of the parties, or make those who are parties in one suit parties in another. Rather, each suit maintains its independent status with respect to the rights of the parties involved." Shores Supply Co. v. Aetna Cas. & Sur. Co., 524 So. 2d 722, 725 (Fla. 3d DCA 1988) (quoting Wagner v. Nova Univ., Inc., 397 So. 2d 375, 377 (Fla. 4th DCA 1981)). Indeed, "consolidated cases do not lose their individual identities as distinct, separately-filed causes of action." OneBeacon Ins. Co. v. Delta Fire Sprinklers, Inc., 898 So. 2d 113, 116 (Fla. 5th DCA 2005) (granting petition for writ of certiorari, and quashing order allowing the filing of a single amended complaint which "merged" consolidated cases, where one of two consolidated cases had concluded with regard to petitioner); see also CDI Contractors, LLC v. Allbrite Elec. Contractors, Inc., 836 So. 2d 1031, 1033 (Fla. 5th DCA 2002) (stating that "[c]onsolidation affects the procedure of the cases, but has no effect on the substantive rights of the parties in an individual case, and does not destroy their separate identities"); St. Mary's Hosp., Inc. v. Brinson, 685 So. 2d 33, 35 (Fla. 4th DCA 1996).

Procedural confusion resulted here from Anderson being permitted to file a single amended complaint which applied to both cases. Because the 2009 and 2010 cases maintained their independent status, we must look at what Anderson's initial motion to amend each case sought to achieve.

In the 2009 case, Anderson sought to amend her complaint to add the factual allegations from the 2010 cases and to assert new claims for damages against Epstein, the Trustee, and the Association. In the 2010 case, Anderson sought to amend her complaint to add new claims against the Association but not against Epstein and the Trustee.

It would have been clearer on review if the trial court had not acceded to Anderson's request to essentially merge the 2009 and 2010 cases into a single pleading. Based on the separate motions to amend relating to the 2009 and 2010 cases, the single amended complaint ultimately accepted by the trial court is probably best understood as resulting in the 2009 and 2010 cases sharing a common set of factual allegations and causes of action, but that the relief sought in the 2009 case was against Epstein, the Trustee, and the Association while the relief sought in the 2010 case remained against only the Association. Because the trial court's order on appeal applies to both the 2009 and 2010 cases, we must consider each separately.

3. The 2009 Case

Anderson asserts that the trial court erred in dismissing all claims against Epstein contained in the amended complaint on the basis of the applicable statutes of limitations. Anderson does not dispute that the claims for breach of contract, trespass, nuisance, and negligence were brought beyond the applicable statutes of limitations,[2] but instead, maintains that the claims should relate back to the original complaint filed in the 2009 case. Because the new claims arise from the same conduct, transaction, or occurrence alleged in the 2009 complaint, we agree with Anderson.

Florida Rule of Civil Procedure 1.190(c) provides as follows:

> (c) Relation Back of Amendments. When the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.

The Supreme Court of Florida has reiterated that "rule 1.190(c) is to be liberally construed and applied." Caduceus Props., LLC v. Graney, 137 So. 3d 987, 992 (Fla. 2014). This Court has stated that the proper test of relation back of amendments is not whether the cause of action stated in the amended complaint is identical to that stated in the original, but "whether 'the original pleading gives fair notice of the *general fact situation* out of which the claim or defense arises.'"

---

[2] Anderson's claims for trespass, nuisance, and negligence are subject to a four-year statute of limitations, see § 95.11(3), Fla. Stat. (2015), while her claim for breach of a written contract is subject to a five-year statute of limitations, see § 95.11(2), Fla. Stat. (2015).

11

Flores v. Riscomp Indus., Inc., 35 So. 3d 146, 148 (Fla. 3d DCA 2010) (quoting Kiehl v. Brown, 546 So. 2d 18, 19 (Fla. 3d DCA 1989)). Even where an amended complaint states a changed or new legal theory, the amendment will relate back when the original complaint gives fair notice of the general factual situation for the claim. See Mender, 143 So. 3d at 1014; Fabbiano v. Demings, 91 So. 3d 893, 895 (Fla. 5th DCA 2012) ("When the original complaint gives fair notice of the factual underpinning for the claim, an amendment to state a new legal theory should relate back."); cf. Caduceus, 137 So. 3d at 991-92 ("Generally, Florida has a judicial policy of freely permitting amendments to the pleadings so that cases may be resolved on the merits, as long as the amendments do not prejudice or disadvantage the opposing party.").

A review of the complaint filed in the 2009 case shows that Anderson sought an injunction against Epstein and the Association, seeking access to the roof in order to correct the alleged building violation—the installation of outdoor carpet on the flat roof of the building. Anderson alleged that as a result of the failure to remove the outdoor carpet, she suffered extensive water damage to her unit. She also alleged that her unit had been rendered uninhabitable due to mold damage caused by the failure to remove the outdoor carpet. In September of 2009, eight mold samples were taken from Anderson's unit and all were found to be toxic. Anderson alleged that she paid a mold remediator to address the issue but that the unit was condemned as a bio-hazard site.

12

Anderson stated that she had demanded that Epstein and the Association remove the outdoor carpet and repair the roof but that they had failed to do so. Anderson also alleged that Epstein was responsible to "pay the costs or damages which he has caused."

The amended complaint states new legal theories against Epstein: breach of contract (count II), trespass (count IV), nuisance (count V), and negligence (count VI). These new theories, however, all stem from the same occurrence—the allegedly extensive damage to Anderson's unit caused by water intrusion from a leak in the building's roof. Although additional facts were added to the amended complaint, the same general factual situation applied, providing Epstein fair notice of the claims. See Flores, 35 So. 3d at 147. Indeed, Epstein's counsel conceded at oral argument that the claims derived from the same conduct, transaction or occurrence, i.e., the water leaking into Anderson's unit.

4. The 2010 Case

Anderson argues that Caduceus, 137 So. 3d at 987, is identical to the instant case and mandates reversal. In Caduceus, the Supreme Court of Florida held that

> an amended complaint filed after the statute of limitations period has expired, naming a party who was previously a third-party defendant as a party defendant, relates back under rule 1.190(c) to the filing of the third-party complaint. For the amended pleading to be timely in this situation, the third-party complaint must have been filed prior to the expiration of the statute of limitations and the plaintiff's claims in the amended complaint must

13

arise from the same "conduct, transaction, or occurrence" set forth in the third-party complaint.

137 So. 3d at 994.

The holding in Caduceus does not apply here. In Caduceus, the plaintiff sought to amend a complaint in order to state claims against a defendant who was previously a third-party defendant in the same case. Here, however, while Anderson sought to amend the 2009 case in order to add additional claims against Epstein, Anderson did not seek leave to amend the 2010 complaint to add any claims against Epstein. While the 2010 complaint named Epstein as a third-party defendant, Anderson did not seek to amend the 2010 case to assert claims against Epstein. Even though the 2009 and 2010 cases were consolidated, they did not "merge"—parties in one case did not become parties to the other. See Wagner, 397 So. 2d at 377. Caduceus, therefore, would apply if Anderson, on remand, seeks leave to amend the 2010 case to add direct claims against Epstein. If Anderson chooses to do so, the trial court must determine whether the claims in the proposed amended complaint to the 2010 case arise from the same "conduct, transaction, or occurrence" set forth in the Association's third-party complaint against Epstein that is part of the 2010 case.

IV.  CONCLUSION

We, therefore, conclude that the trial court erred in dismissing Anderson's amended complaint with prejudice as to Epstein, as the claims asserted against him

in the amended complaint relate back to the claims asserted against him in the 2009 case. Accordingly, we reverse the trial court's order dismissing the claims in the 2009 amended complaint relating to Epstein with prejudice, and remand for further proceedings consistent with this Court's opinion.

We also conclude that the trial court erred in dismissing Anderson's amended complaint with prejudice as to the Trustee, as the Trustee did not move to dismiss the claims Anderson sought to assert against it in the 2009 case.

Finally, we dismiss Anderson's appeal as it relates to the Association, because count VI remains pending below against the Association in both the 2009 and 2010 cases.

Dismissed in part, Reversed in part, and Remanded for further proceedings.