LETTS, Judge.
This interlocutory appeal stems from the trial court’s granting of a motion to dismiss with prejudice, because the appellant failed to file its cross-claim within one year after recording its claim of lien. We reverse.
The essential facts are that the appellant filed a claim of mechanic’s lien on January 13th, 1975 and a complaint to foreclose said lien some four months later. The named defendants in that suit included not only the owner with which the appellant had contracted to install a master television distribution system, but also another mechanic’s lienor, also an appellee hereunder, Cams Concrete Pipe Company. The appellant’s complaint also alleged its lien to be superior to that of Cams Concrete and sought to foreclose its lien as to this latter appellee.
In due course, the said Cams Concrete filed not only an answer but also a cross-claim against all the parties predictably alleging that, in fact, its lien was superior to appellant’s.[1]
Thereafter, in August of 1975, the appellant filed a notice of voluntary dismissal of its complaint, whereupon Caras Concrete served its cross-claim on appellant, which appellant, in turn, duly answered, and thus it was that the same suit continued in effect, based on the cross-claim filed by Cams Concrete.
Thereafter, on January 9th, 1976, some four days prior to the expiration of one year from the original recording of the claim of lien, the appellant filed an “amended complaint”, simultaneously with a motion for leave to amend it, renaming all *748 defendants, including Cams Concrete. A hearing on this motion was held January 15th (two days after the expiration of one year), and eight days thereafter, the trial court denied the motion to amend the complaint stating in its order that there was no complaint on file (because of the voluntary dismissal) to be amended; however, the court’s denial of the motion to amend granted appellant “leave to file a cross-claim in this action”, which it promptly did. This cross-claim, insofar as it attempted to establish a mechanic’s lien, was then dismissed, upon motion, for failure to file same within one year of the recording of said claim of lien, pursuant to F.S. 713.22(1) (1975). This interlocutory appeal results.
We are not, at this stage, called upon to examine the correctness or advisability of the pleadings or tactics of counsel, and our sole function here is to consider the order decreeing that the appellant’s final pleading was untimely filed. The record reveals that the pleading entitled “amended complaint”, filed within the one year, is almost identical to the later pleading entitled “cross-claim” except that the nomenclature of the parties is amended, for example, to add “cross” before “plaintiff” and “cross” before “defendant”. The exhibits are also identical and, of course, the substance of appellant’s claim is exactly the same. Under the circumstances, we must view the “cross-claim” as no more than an amendment to the “amended complaint” which latter was filed within the year. We are therefore of the opinion that Rule 1.190(c), Fla.R.Civ.P. applies, and it states:
(c) Relation Back of Amendments. When the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.
In a similar case involving the statute of limitations and the same rule above cited, the Second District Court stated as follows:
Thus, as we view it, the proper test of relation back of amendments is not whether the cause of action stated in the amended pleading is identical to that stated in the original (for in the strict sense almost any amendment may be said to be a change of the original cause of action), but whether the pleading as amended is based upon the same specific conduct, transaction, or occurrence between the parties upon which the plaintiff tried to enforce his original claim. If the amendment shows the same general factual situation as that alleged in the original pleading, then the amendment relates back — even though there is a change in the precise legal description of the rights sought to be enforced, or a change in the legal theory upon which the action is brought. Keel v. Brown, 162 So.2d 321, at 323 (Fla. 2nd DCA 1964).
Similarly, this very court is committed to the view that leave to amend should be freely given. Petterson v. Concrete Construction, Inc., 202 So.2d 191 (Fla. 4th DCA 1967). There could be no surprise or prejudice to the appellee for the amendment sought was, in essence, nothing more than the same in substance as appellant’s dismissed amended complaint, which was dismissed by the judge upon the expressed premise that appellant could refile it in the same action, if it but renamed the pleading a cross-claim. See Carmichael v. Shelley Tractor and Equipment Company, 300 So.2d 298 (Fla. 4th DCA 1974).
The appellees rely heavily on the Florida Supreme Court case of Stilson and Co. v. Caloosa Bayview Corporation, 278 So.2d 282 (Fla.1973), where the Court disallowed the filing of an amended claim of lien after the running of the statutory period, stating that the time provisions of the Mechanic’s Lien Law must be strictly construed, otherwise . . the claimant could file over ad infinitum by the simple expedient of filing an amended claim and thereby defeat the purpose of the statute for a speedy conclusion.” Id. at 284. We do not feel that Stilson is controlling in the case now before us, because we are in agreement that had the appellant attempted to file an amended claim of lien after the expiration of the one year, and before instituting suit *749 (as was the case in Stilson), we would have no difficulty in affirming the trial court in the case now before us. However, we are not dealing here with an amended claim of lien, but with a filed lawsuit, in progress, in which the appellant merely filed an erroneously named pleading within the statutory period which the court gave him leave to refile under another title.
The appellees also cite Harris Paint Company v. Multicon Properties, Inc., 326 So.2d 43 (Fla. 1st DC A 1976), which, somewhat like the case before us, involved the dropping of a party defendant and then an attempt to re-add that party. We agree with the holding in Harris, but readily distinguish it from the case sub judice, because in Harris the attempt to re-add the defendant took place after the statutory time period had run. Here, the appellant made its technically defective attempt to do so within the one year time limitation.
Reversed with directions that the appellant be permitted to attempt to establish its mechanic’s lien, but with the suggestion that the pleading entitled a “cross-claim” may be in part a counterclaim as well.
DOWNEY and DAUKSCH, JJ., concur.

. This pleading labeled “cross-claim” would appear to be, in part, a counterclaim as well, but we do no more than comment on this misnomer.