546 So.2d 18 (1989)
Otto B. KIEHL and James H. Smith, Appellants,
v.
Barry D. BROWN, Mark E. Motluck and Mel Nehleber, Appellees.
No. 88-2889.
District Court of Appeal of Florida, Third District.
June 6, 1989.
Rehearing Denied August 15, 1989.
*19 Hoffman & Hertzig and Carl Hoffman, Coral Gables, for appellants.
Conrad, Scherer & James and Joseph S. Kashi, Fort Lauderdale, for appellees.
Before SCHWARTZ, C.J., and COPE, J., and GAVIN K. LETTS, Associate Judge.
PER CURIAM.
After the reversal of the dismissal of the amended complaint which was ordered in Anderson v. Brown, 524 So.2d 457 (Fla. 3d DCA 1988), review denied, 531 So.2d 1352 (Fla. 1988), two of the named plaintiffs, the appellants Kiehl and Smith, filed a second amended complaint which alleged claims on additional grounds against three of the already named party defendants, the appellees, Brown, Motluck and Nehleber. The trial judge dismissed these claims on statute of limitations grounds. We reverse.
It seems clear to us that the so-called "additional claims" were fairly covered and referred to in the allegations by these plaintiffs, among others, against these defendants, among others, which had been asserted in the admittedly-timely filed amended complaint. Florida Rule of Civil Procedure 1.190 provides that an "amendment ... relate[s] back to the date of the original pleading" whenever the claim contained in the amendment arises out of the "conduct, transaction or occurrence" attempted to be set forth in the initial complaint. The latter condition is satisfied, in turn, if, as stated in Keel v. Brown, 162 So.2d 321, 323 (Fla. 2d DCA 1964), cert. denied, 166 So.2d 753 (Fla. 1964), in quoting from an earlier edition of Moore's,
the original pleading gives fair notice of the general fact situation out of which the claim or defense arises.
See J. Moore, A. Vestal & P. Kurland, Moore's Manual Federal Practice and Procedure § 9.09[9] (rev. ed. 1988). Put another way,
an amendment which merely makes more specific what has already been alleged generally, or which changes the legal theory of the action, will relate back even though the statute of limitations has run in the interim.
Keel, 162 So.2d at 323, quoting from Moore's second edition. See J. Moore, A. Vestal & P. Kurland, supra, § 9.09[9]. In our view, these rules apply to each of the claims specifically asserted in the second amended complaint by the appellants against the appellees. Accordingly, the judgment under review is
Reversed.
SCHWARTZ, C.J., and COPE, J., concur.
GAVIN K. LETTS, Associate Judge, dissents.