668 So.2d 635 (1996)
WEST VOLUSIA HOSPITAL AUTHORITY, etc., Appellant,
v.
Kathy M. JONES, as mother, etc., et al., Appellees.
No. 94-2947.
District Court of Appeal of Florida, Fifth District.
February 2, 1996.
Rehearing Denied March 1, 1996.
*636 James W. Smith and Todd M. Cranshaw, of Smith, Schoder, Rouse & Bouck, P.A., Daytona Beach, for Appellant.
Rafael E. Martinez and Thomas E. Dukes, III, of Sanders, McEwan, Martinez, Luff & Dukes, P.A., Orlando, for Appellees, Robert G. Ouellette, M.D. and Robert G. Ouellette, M.D., P.A.
Patricia M. Gibson, of Maher, Gibson & Guiley, a Professional Association of Lawyers, Orlando, for Appellees, Kathy M. Jones, as mother and next friend of Michelle Jones, an infant, Kathy M. Jones, in her own right, and Thomas W. Jones.
GRIFFIN, Judge.
We find no reversible error in the many issues raised by appellant, save one. We agree that the lower court erred in permitting the amendment of the complaint to add the victim's father, Thomas Jones, as a party plaintiff after the statute of limitations had run.
An amendment to a complaint relating back to the original complaint after the statute of limitations has run will not be permitted where it brings new parties into a lawsuit. See, e.g., Louis v. South Broward Hosp. Dist., 353 So.2d 562 (Fla. 4th DCA 1977), dismissed, 359 So.2d 1217 (Fla.1978). Nor will it be permitted where it states a new and distinct cause of action from that set forth in the original pleading. Livingston v. Malever, 103 Fla. 200, 137 So. 113 (1931); School Bd. of Broward County v. Surette, 394 So.2d 147 (Fla. 4th DCA), review dismissed, 399 So.2d 1146 (Fla.1981). See generally Henry P. Trawick, Trawick's Florida Practice and Procedure, § 14-7 (1995 ed.).
Here, the addition of Mr. Jones' individual claim for loss of filial consortium brings an entirely new party into the lawsuit. In addition, Mr. Jones' claim for loss of consortium is separate and distinct from that possessed by his wife, so that permitting the amendment impermissibly allows the addition of a new and distinct cause of action. See Daniels v. Weiss, 385 So.2d 661 (Fla. 3d DCA 1980); cf. Gates v. Foley, 247 So.2d 40 (Fla.1971) (recognizing that while claim for loss of consortium is derivative cause of action, it is nevertheless a separate action which must be brought within limitations period); Surette, 394 So.2d at 147.
It is not enough that appellant knew of Jones' existence and knew that he had a claim like the one asserted by the child's mother that he could assert. The assertion of a separate claim by a separate party would have to be brought within the statute of *637 limitations. Accordingly, the judgment rendered in favor of Thomas Jones is reversed.
AFFIRMED in part; REVERSED in part; and REMANDED.
PETERSON, C.J., and COBB, J., concur.