849 So.2d 15 (2003)
James PAGE, Property Appraiser, Nassau County, Florida, Petitioner,
v.
John F. McMULLAN and Marilyn M. McMullan, Respondents.
No. 1D02-4744.
District Court of Appeal of Florida, First District.
March 18, 2003.
Rehearing Denied April 17, 2003.
Larry E. Levy of the Levy Law Firm, Tallahassee, for petitioner.
Kenneth B. Wright of Datz, Jacobson, Lembcke & Wright, Jacksonville, for respondents.
*16 PER CURIAM.
James Page, Property Appraiser for Nassau County, petitions this court for a writ of prohibition, contending that the circuit court lacks jurisdiction over the claim of respondents McMullan for homestead exemption for tax year 2001. We agree, and grant the petition.
The McMullans have paid property taxes on real property in Nassau County since 1992 and had received a homestead exemption through 1999. In 2000 Property Appraiser Page denied homestead exemption. A complaint was filed in circuit court challenging that decision. The complaint alleged that it was timely and sought a refund for tax year 2000. The complaint also alleged that plaintiffs would suffer future damages. An answer was filed and in August 2002 the plaintiffs moved to amend their complaint to include a challenge to the denial of homestead exemption for the year 2001. Defendant Page objected, asserting, among other things, that the challenge to the 2001 assessment was not timely filed in accordance with section 194.171(2). The trial court granted leave to amend and the amended complaint was filed, with Count II seeking relief with regard to the homestead exemption for tax year 2001. Page moved to dismiss, again taking the position that the challenge to the 2001 assessment was time-barred. The motion to dismiss was denied and that ruling is challenged through the instant petition for writ of prohibition. We have jurisdiction. Department of Revenue v. Eastern American Technologies Corp., 762 So.2d 1044 (Fla. 5th DCA 2000); see also Pincus v. Carlisle, 585 So.2d 1172 (Fla. 4th DCA 1991) (granting prohibition where trial court lacked jurisdiction over one count of multi-count complaint).
Florida Rule of Civil Procedure 1.190(c) permits the "relation back" of an amended pleading when the claim "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading...." It is well-settled, however, that such amendment may not be used to avoid the statute of limitations if the amendment sets forth a new and distinct cause of action. West Volusia Hospital Authority v. Jones, 668 So.2d 635 (Fla. 5th DCA 1996); School Board of Broward County v. Surette, 394 So.2d 147 (Fla. 4th DCA 1981); Daniels v. Weiss, 385 So.2d 661 (Fla. 3d DCA 1980). This same rule of law should apply in the instant matter, which involves section 194.171(2), a statute of non-claim. Thus, the controlling question is whether the new count in the complaint, setting forth a challenge to denial of the exemption for the subsequent year, states a new cause of action. We find that it does. Section 196.011(1)(a) provides in pertinent part that "[f]ailure to make application, when required, on or before March 1 of any year shall constitute a waiver of the exemption privilege for that year," with certain exceptions which do not apply in the instant case.
The case of Palmer Trinity Private School, Inc. v. Robbins, 681 So.2d 809 (Fla. 3d DCA 1996) is controlling on this question. The school was denied an educational tax exemption in 1988 but the property appraisal adjustment board approved the exemption. The property appraiser filed suit in circuit court and prevailed. The district court reversed and the Florida Supreme Court denied review. Meanwhile, however, the school took no action with regard to its 1989 exemption despite having received a notice of proposed assessment and an actual tax bill. The circuit court held that it did not have jurisdiction over the 1989 exemption because the school had not filed an action contesting the assessment within 60 days of certification *17 of the assessment for collection. The district court affirmed, rejecting the claim that failure of the property appraiser to send a renewal application for the 1989 tax year tolled the time for filing an appeal in light of the receipt of the proposed assessment and the tax bill. Here, as in Palmer Trinity Private School, the taxpayers' failure to timely seek relief bars a claim regarding an exemption for a subsequent year, despite the fact that the original denial of the exemption was in litigation when the time for the subsequent year's challenge arose.
The respondents argue that this case involves reclassification of property, and therefore they are not bound by the time limit of section 194.171(2). We disagree. See Department of Revenue v. Eastern American Technologies. We are also not persuaded that the McMullans were excused from applying for the exemption for tax year 2001 because of the actions or inactions of the property appraiser in these circumstances. See Palmer Trinity Private School, 681 So.2d at 810-11.
We accordingly grant the instant petition and remand to the trial court with directions to dismiss the McMullans' complaint insofar as it relates to their homestead exemption for the tax year 2001.
PETITION GRANTED.
ERVIN, BOOTH, and WOLF, JJ., concur.