MAY, C.J.
Allegations of sexual abuse by a teacher lie at the heart of this dispute. The plaintiffs — a group of four children and their parents — appeal an order dismissing a newly-added claim for violation of Title IX as to the children and a claim for negligent infliction of emotional distress as to the parents.[1] The plaintiffs argue that the new Title IX claims relate back to the filing of the original Complaint. We agree and reverse the dismissal of the children’s Title IX claims. We affirm in all other respects.
The plaintiffs filed a Complaint against the children’s teacher and the Palm Beach County School Board in July 2006. The *788 Complaint alleged that the teacher sexually molested the children. The children alleged negligence against the school board. The parents alleged that they suffered emotional distress as a result.
Nearly five years later, in 2011, the plaintiffs filed their Third Amended Complaint, alleging specific causes of action for negligent supervision, negligent retention, intentional infliction of emotional distress, negligent infliction of emotional distress, and added a claim for violation of Title IX.[2] The plaintiffs sought compensatory damages, attorneys’ fees, and costs pursuant to 42 U.S.C. § 1988.
The school board moved to dismiss the parents’ claims for negligent infliction of emotional distress and the children’s Title IX claims. The school board argued that the parents’ claims failed to state a cause of action because they failed to demonstrate a loss of filial consortium and were barred by the impact rule. The school board argued that the statute of limitations barred the children’s new Title IX claims because they did not relate back to the filing of the original Complaint. It also argued that section 95.11(7), Florida Statutes (2006), does not toll the statute of limitations and that the plaintiffs failed to file a Notice of Claim, pursuant to section 768.28(6)(a), Florida Statutes (2006), within three years of the teacher’s alleged wrongful conduct.
The trial court dismissed the parents’ claims for negligent infliction of emotional distress based on the impact rule. The trial court dismissed the children’s Title IX claims, concluding that: (1) they did not relate back to the filing of the original Complaint; (2) section 95.11(7) did not toll the Title IX claims; and (3) the Title IX claims should be dismissed because they were subject to the pre-suit notice requirements of section 768.28(6)(a), and the plaintiffs did not file a Notice of Claim within three years of the alleged wrongful conduct. From this final partial judgment of dismissal, the plaintiffs now appeal.[3]

The Parents’ Negligent Inñiction of Emotional Distress Claims

The parents argue the trial court erred in dismissing -their claims for negligent infliction of emotional distress because the facts they alleged should fit within an exception to the impact rule. The school board responds that there is currently no exception that would permit recovery under the facts alleged. We agree with the school board.
We have de novo review of dismissal orders for failure to state a cause of *789 action. Siegle v. Progressive Consumers Ins. Co., 819 So.2d 732, 734 (Fla.2002).
In Florida, the prerequisites for recovery for negligent infliction of emotional distress differ depending on whether the plaintiff has or has not suffered a physical impact from an external force. If the plaintiff has suffered an impact, Florida courts permit recovery for emotional distress stemming from the incident during which the impact occurred, and not merely the impact itself. If, however, the plaintiff has not suffered an impact, the complained-of mental distress must be “manifested by physical injury,” the plaintiff must be “involved” in the incident by seeing, hearing, or arriving on the scene as the traumatizing event occurs, and the plaintiff must suffer the complained-of mental distress and accompanying physical impairment “within a short time” of the incident.
Willis v. Gami Golden Glades, LLC, 967 So.2d 846, 850 (Fla.2007) (quoting Eagle-Picher Indus., Inc. v. Cox, 481 So.2d 517, 526 (Fla. 3d DCA 1985)). Our supreme court has created very narrow exceptions to this rule. Rowell v. Holt, 850 So.2d 474, 478 (Fla.2003).
Here, the parents do not, and cannot, allege that they suffered an impact from an external force. Nor do they allege that they saw the sexual abuse, heard the sexual abuse, or arrived on the scene as it was occurring. The parents’ negligent infliction of emotional distress claims do not survive the impact rule, nor can we create an exception to the impact rule which would permit recovery. We therefore affirm the trial court’s dismissal of these claims.

The Children’s Title IX Claims

The children argue that the trial court erred in dismissing their Title IX claims because the claims were not time-barred. They first argue the Title IX claims relate back to the filing of the original Complaint. The school board responds that the Title IX claims do not relate back because they state a new cause of action. On this argument, the law supports the children’s position.
We have de novo review of a trial court’s finding that a new claim does not relate back to the original complaint. See Flores v. Riscomp Indus., Inc., 35 So.3d 146, 148 (Fla. 3d DCA 2010).
 If a party amends a pleading, “the amendment shall relate back to the date of the original pleading” so long as the “claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.” Fla. R. Civ. P. 1.190(c). “Amendments generally do not relate back if they raise a new cause of action.” Dailey v. Leshin, 792 So.2d 527, 532 (Fla. 4th DCA 2001). However, a new cause of action — and even a new legal theory — can relate back to the original pleading so long as the new claim is not based on different facts, such that the defendant would not have “fair notice of the general factual situation.” Id.[4]
Recently, the Fifth District held that a subsequently-filed battery claim related back to the plaintiffs original negligence claim. See Fabbiano v. Demings, 91 So.3d 893, 896 (Fla. 5th DCA 2012). Because the battery claim “was based upon the same conduct, transaction, or occurrence[ ] *790 as alleged in the original complaint,” it related back to the filing date of the original complaint even though it alleged a different cause of action. Id. at 894. In support of its holding, the Fifth District quoted our opinion in Associated Television & Communications, Inc. v. Dutch Village Mobile Homes of Melbourne, Ltd., 347 So.2d 746 (Fla. 4th DCA 1977):
If the amendment shows the same general factual situation as that alleged in the original pleading, then the amendment relates back even though there is a change in the precise legal description of the rights sought to be enforced, or a change in the legal theory upon which the action is brought.
Fabbiano, 91 So.3d at 895 (quoting Associated Television & Commc’ns., Inc., 347 So.2d at 748).
Here, the trial court erred in finding that the children’s Title IX statutory claims did not relate back to the negligence claims alleged in the original pleading. Both claims arose from the same conduct and resulted in the same injury. This renders the children’s two remaining arguments moot. We therefore reverse the dismissal of the children’s Title IX claims.[5]

Affirmed in part, Reversed in part, and Remanded.

TAYLOR and CONNER, JJ., concur.

. The parents set forth their claims for emotional distress within a negligence framework. We refer to them as claims for negligent infliction of emotional distress for a clearer understanding of the issue.

. 20 U.S.C. § 1681. “Title IX prohibits sex discrimination by recipients of federal education funding.” Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 173, 125 S.Ct. 1497, 161 L.Ed.2d 361 (2005).

. This case presents something of an anomaly. If the new Title IX claims relate back to the original Complaint, they must arise out of the same conduct, transaction, or occurrence. As such, they would be intertwined with the remaining negligence claims and present us with a piecemeal appeal of intertwined claims. See Mendez v. W. Flagler Family Ass'n., 315 So.2d 7, 8 (Fla. 3d DCA 1975). However, if the Title IX claims are truly independent, then their dismissal is appealable. Id. Because that is the precise issue presented, we cannot rule on the Mendez issue before we ultimately dispose of the appeal. Although our holding that the Title IX claims should relate back to the original Complaint will theoretically turn what was an appealable order into a piecemeal appeal over which we lack jurisdiction, we may properly review this issue now in light of the sensitive nature of the case and in the interest of allowing the case to proceed as expeditiously as possible. See Fisher v. Tanglewood at Suntree Country Club Condo. Ass'n., 669 So.2d 1050, 1051 (Fla. 5th DCA 1995) (permitting a piecemeal appeal where there are countervailing policy concerns).

. Furthermore, claims for federal law violations can relate back to pleadings which previously alleged only violations of the common law. See Donnelly v. Yellow Freight Sys., Inc., 874 F.2d 402, 410 (7th Cir.1989) (finding that Title VII claims related back to the original complaint filed in state court and alleging state law violations).

. Although unnecessary to our decision, we address the plaintiffs' two remaining arguments. We reject the plaintiffs’ argument that section 95.11(7) tolls the statute of limitations under these facts. See Doe v. Sinrod, 90 So.3d 852, 856 (Fla. 4th DCA 2012) (finding that section 95.11(7) is inapplicable in a nearly identical context). Further, because we find the Title IX claims relate back to the original Complaint, the pre-suit notice gave the school board sufficient notice of the newly-alleged claim. See Magee v. City of Jacksonville, 87 So.2d 589, 591-92 (Fla.1956) (explaining that pre-suit notice is designed to make the government entity aware of the claims alleged); see also City of Miami v. Cisneros, 662 So.2d 1272, 1274 (Fla. 3d DCA 1995) (using the relation back analysis to determine if the plaintiff complied with the pre-suit notice requirements).