# Supreme Court of Florida

_____

No. SC13-1834
_____

**PALM BEACH COUNTY SCHOOL BOARD, etc.,**
Petitioner,

vs.

**JANIE DOE 1, etc., et al.,**
Respondents.

[January 26, 2017]

QUINCE, J.

The Palm Beach County School Board seeks review of the decision of the Fourth District Court of Appeal in Janie Doe 1 ex rel. Miranda v. Sinrod, 117 So. 3d 786 (Fla. 4th DCA 2013), on the ground that it expressly and directly conflicts with the decisions of this Court and other district courts of appeal on a question of law concerning the relation back doctrine. We have jurisdiction. See art. V, § 3(b)(3), Fla. Const. For the reasons that follow, we approve the Fourth District's decision below, reversing the trial court's dismissal of Respondents' Title IX claim, and disapprove the line of cases that establishes a bright-line rule that an

amendment asserting a new cause of action cannot relate back to the filing of the original complaint.

## FACTS AND PROCEDURAL HISTORY

This case involves allegations of sexual abuse of four female students by their teacher. Sinrod, 117 So. 3d at 787. In July 2006, Respondents—the four students and their parents—filed a complaint against the teacher and the Palm Beach County School Board alleging negligence on the part of the School Board, that the teacher sexually molested the children, and that the parents suffered emotional distress as a result. Id. at 787-88. In 2011, Respondents filed their third amended complaint, alleging negligent supervision, negligent retention, intentional infliction of emotional distress, and negligent infliction of emotional distress. Id. at 788. Respondents also added a claim for violation of Title IX of the Education Amendments of 1972,[1] which prohibits sex discrimination by recipients of federal education funding. Id. at 788 & n.2 (citing 20 U.S.C. § 1681; Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 173 (2005)). The School Board moved to dismiss the Title IX claim—and one other claim not relevant here—arguing that it was barred by the statute of limitations because it did not relate back to the filing

---

1. Pub. L. 92-318. §§ 901-07, 86 Stat. 235, 373-75 (codified as amended at 20 U.S.C. § 1681 (2012)).

of the original complaint.  Id. at 788.  The trial court agreed, dismissing the claim, and Respondents appealed.  Id.

Upon review, the Fourth District Court of Appeal found that the Title IX claim did, in fact, relate back to the original negligence claims.  Id. at 790.  The district court indicated that amendments raising a new cause of action generally do not relate back to the original complaint.  Id. at 789.  However, the court clarified that "a new cause of action—and even a new legal theory—can relate back to the original pleading so long as the new claim is not based on different facts, such that the defendant would not have 'fair notice of the general factual situation.' "  Id. (quoting Dailey v. Leshin, 792 So. 2d 527, 532 (Fla. 4th DCA 2001)).  The Fourth District found that the Title IX claim arose from the same conduct and resulted in the same injury as the original negligence claims and therefore relates back to the filing of the original complaint under Florida Rule of Civil Procedure 1.190(c).  Id. at 789-90.  The School Board now appeals this determination.

## ANALYSIS

A trial court's ruling on a motion to dismiss is subject to de novo review.  Mender v. Kauderer, 143 So. 3d 1011, 1013 (Fla. 3d DCA 2014); Armiger v. Associated Outdoor Clubs, Inc., 48 So. 3d 864, 869 (Fla. 2d DCA 2010).  The determination of whether an amended complaint relates back to the filing of the original complaint is a question of law, also reviewed de novo.  Caduceus

Properties, LLC v. Graney, 137 So. 3d 987, 991 (Fla. 2014); Flores v. Riscomp Indus., Inc., 35 So. 3d 146, 148 (Fla. 3d DCA 2010).  An amended complaint raising claims for which the statute of limitations has expired can survive a motion to dismiss if the claims relate back to the timely filed initial pleading.  Flores, 35 So. 3d at 147.  Thus, the conflict issue here is whether Respondents' third amended complaint, which added a new claim alleging violations of Title IX, relates back to the filing of the initial complaint under rule 1.190(c).  Rule 1.190 governs amended pleadings and defines the relation back doctrine as follows: "When the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading."  Fla. R. Civ. P. 1.190(c) (emphasis added).

There are two lines of district court cases interpreting the operation of the relation back doctrine in Florida.  The first holds that an amended pleading does not relate back if it states a new, different, or distinct cause of action from the original pleading.  Trumbull Ins. Co. v. Wolentarski, 2 So. 3d 1050, 1055 (Fla. 3d DCA 2009); Page v. McMullan, 849 So. 2d 15, 16 (Fla. 1st DCA 2003) (stating that amendments "may not be used to avoid the statute of limitations if the amendment sets forth a new and distinct cause of action"); Arnwine v. Huntington Nat'l Bank, N.A., 818 So. 2d 621, 625 (Fla. 2d DCA 2002) ("[E]ntirely new and

separate causes of action will not relate back."); W. Volusia Hosp. Auth. v. Jones, 668 So. 2d 635, 636 (Fla. 5th DCA 1996) (explaining that relation back is not permitted where amendment states a new and distinct cause of action); Daniels v. Weiss, 385 So. 2d 661, 663 (Fla. 3d DCA 1980). For example, in Arnwine, the plaintiff's original complaint alleged causes of action against the defendant bank for reconstruction of lost instruments, conversion, accounting, fraud, and breach of fiduciary duty. Arnwine, 818 So. 2d at 625. The amended complaint alleged the same causes of action, but also included a new claim for civil conspiracy. Id. The Second District found that the trial court did not err in dismissing this new claim because "[w]hile the allegations of this count arise from the same set of operative facts alleged in the original complaint, civil conspiracy is, in fact, an entirely new cause of action" that does not relate back. Id. at 625-26.

The second line of cases instead follows the exact language of rule 1.190(c)—allowing relation back where the claims from the amended pleading arise out of the same conduct, transaction, or occurrence as in the original, timely filed complaint. Armiger, 48 So. 3d at 870; Flores, 35 So. 3d at 147. In other words, as long as the initial complaint gives the defendant fair notice of the general factual scenario or factual underpinning of the claim, amendments stating new legal theories can relate back. Fabbiano v. Demings, 91 So. 3d 893, 895 (Fla. 5th DCA 2012); Flores, 35 So. 3d at 148; Kiehl v. Brown, 546 So. 2d 18, 19 (Fla. 3d

DCA 1989). This is true even where the legal theory of recovery has changed[2] or where the original and amended claims require the assertion of different elements.[3]

In <u>Armiger</u>, the plaintiff sued a company and its janitorial service provider after he slipped and fell on the company's property. <u>Armiger</u>, 48 So. 3d at 866. The trial court dismissed the plaintiff's first amended complaint for failure to state a cause of action as against the company because the complaint did not allege breach of a nondelegable duty or vicarious liability and there was no basis for a negligence claim against the company directly. <u>Id.</u> The plaintiff moved to amend his complaint accordingly, but the court denied the motion, reasoning that the statute of limitations had expired and the proposed amendment would not relate back. <u>Id.</u> On appeal, the Second District found that even though it stated a new cause of action, the proposed amendment would relate back because the claims alleged therein were based on the same conduct, transaction or occurrence as those in the first amended complaint. <u>Id.</u> at 872. The court explained that "[a]lthough the first amended complaint does not plainly state the breach of a [nondelegable]

2. <u>Flores</u>, 35 So. 3d at 147 (allowing relation back even though legal theories of recovery within amended complaints were supplemented and modified).

3. <u>See, e.g.</u>, <u>Fabbiano</u>, 91 So. 3d at 896 (finding that battery claim related back to negligence claim because both involved same plaintiff, same injuries, and same damages and, therefore, "arose from the same occurrence").

duty, the applicability of the doctrine of nondelegable duty under the facts alleged is apparent." Id.; see also Roden v. R.J. Reynolds Tobacco Co., 145 So. 3d 183, 188 (Fla. 4th DCA 2014) (finding that wrongful death claim and personal injury claim arose out of same transaction because both were based on decedent's claim of injury due to smoking cigarettes); Mender, 143 So. 3d at 1014-15 (finding relation back where "the characterization of the complaint as individual or derivative did not alter the underlying facts, circumstances, or parties, and gave fair notice to all parties of the general fact situation out of which the claims arose").

Essentially, this second line of cases holds that the assertion of a new claim in an amendment is not dispositive as to whether the amendment can relate back. However, these cases recognize that a newly added claim could fail to meet the relation back test if the new claim is so factually distinct that it does not arise out of the same conduct, transaction, or occurrence as the original. See Fabbiano, 91 So. 3d at 894-95 (explaining that cases such as West Volusia Hospital Authority do not stand for the principle that "an amendment involving a new cause of action never relates back" under rule 1.190 but instead "pertain to a narrow set of circumstances wherein the proposed amendment, although emanating from the same set of operative facts, involved a factually distinct claim").[4]

---

4. See, e.g., Trumbull Ins. Co., 2 So. 3d at 1055 (finding that plaintiff's PIP claim did not relate back to original negligence and uninsured/underinsured claims where original claims concerned collision of school bus with plaintiff's vehicle and

In Caduceus Properties, LLC v. Graney, 137 So. 3d 987 (Fla. 2014), we had before us the issue of "whether an amended complaint, naming a third-party defendant as a party defendant, relates back to the filing of the third-party complaint for statute of limitations purposes." Id. at 989. We found that the amended complaint related back because the third-party complaint put the third-party defendant on notice of the conduct, transaction, or occurrence from which the claims against that defendant arose. Id. at 992-93. We noted that our holding did not "disturb the precedent that, generally, the relation back doctrine does not apply when an amendment seeks to bring in an entirely new party defendant to the suit after the statute of limitations has expired." Id. at 993-94 (emphasis added). Nor did it remove all discretion from the trial court, since that court must still determine whether the claims arise from the same conduct, transaction, or occurrence and still retains "discretion to deny the amendment if it is so late in the proceedings that the opposing party would be unfairly prejudiced and other options, such as a continuance, would be unfair to either party." Id. at 994.

---

PIP claim concerned insurer's failure to pay medical providers certain contracted benefits); W. Volusia Hosp. Auth., 668 So. 2d at 636 (finding father's claim for loss of filial consortium in death of son sufficiently different from mother's claim for loss of filial consortium such that father's claim did not relate back). We cite these two cases as examples of the analysis conducted by the courts therein without passing judgment as to the correctness of either decision.

We cited three factors in support of our interpretation of rule 1.190(c) that are equally applicable here.  First, this interpretation is consistent with Florida's judicial policy of freely permitting amendments to pleadings, as long as they do not prejudice the opposing party, so that cases may be resolved on the merits.  Id. at 991-92.  Second, "[p]ermitting relation back in this context is also consistent with Florida case law holding that rule 1.190(c) is to be liberally construed and applied."  Id. at 992.  Last, this interpretation is consistent with the purpose of the statute of limitations, which is "to protect defendants from unusually long delays in the filing of lawsuits and to prevent prejudice to defendants from the unexpected enforcement of stale claims"—a purpose that is not implicated where the new claims concern the same conduct, transaction, or occurrence as the original.  Id.

The School Board cites many older cases[5] from this Court for the principle that amendments containing new causes of action do not relate back to the original pleadings.  However, the modern rule for relation back doctrine, Fla. R. Civ. P. 1.190, was adopted in 1967.  In re Fla. Rules of Civil Procedure 1967 Revision, 187 So. 2d 598, 609 (Fla. 1966).  Prior to 1967, there were other versions of this

---

5.  See, e.g., Atlantic Coast Line R. Co. v. Edenfield, 45 So. 2d 204 (Fla. 1950); Gables Racing Ass'n v. Persky, 180 So. 24 (Fla. 1938); Livingston v. Malever, 137 So. 113 (Fla. 1931); La Floridienne v. Atlantic Coast Line R. Co., 58 So. 186 (Fla. 1912).

rule in existence.[6]  Those versions may have contained the same language as the

modern rule, but the pre-1967 cases interpreting them still are not controlling.[7]

The School Board cites <u>United Telephone Co. v. Mayo</u>, 345 So. 2d 648 (Fla.

1977), as an example of a case from this Court that addresses the issue of relation

back under the 1967 version of rule 1.190(c).  There, we stated that "[w]ithout

<u>expressing an opinion on the propriety of petitioner's argument</u>, we cannot say that

the Commission acted unlawfully because it refused petitioner the opportunity to

alter its theory of the case after petitioner's initial hypothesis was unsuccessful"

and "<u>after all the evidence had been introduced</u>."  <u>Id.</u> at 655 (emphasis added).  We

explained in a footnote that "amendments are usually granted liberally.  However,

the right to amend does not authorize plaintiff to state new and different causes of

action."  <u>Id.</u> at 655 n.6 (citing pre-1967 cases).

---

6. <u>See, e.g.</u>, Fla. R. Civ. P. 1.15 (c) (1954) ("Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading."); Rule 15, Fla. Common Law Rules.

7. <u>See generally</u> <u>Fabbiano</u>, 91 So. 3d at 895 (deeming reliance on 1931 case "misplaced" because decided before modern rule was adopted); <u>Keel v. Brown</u>, 162 So. 2d 321, 323 (Fla. 2d DCA 1964) (holding that cases decided before adoption of 1954 version of rule were not controlling in 1964 case because "[b]y the adoption of the Rules, Florida assumed the more liberal attitude toward pleading, practice and procedure" and "intended that the former, technical rules would be materially changed").

The School Board's citation to <u>Mayo</u> is misplaced because "relation back" was not the issue before us and was not relevant to the resolution of that case; the above comments were dicta. The opinion does not even mention rule 1.190(c). Most importantly, although the opinion was issued in 1977, this Court cited cases from before the adoption of the modern rule in 1967. Further, the issue there involved altering a party's theory of the case <u>after</u> all evidence in the case had been introduced, which is not the situation here. <u>Mayo</u> is neither controlling nor persuasive in this case.

In accordance with rule 1.190 and our prior case law, we disapprove the first line of cases to the extent that they establish a bright-line rule that amendments asserting new claims <u>cannot</u> relate back under any circumstances. As established in <u>Fabbiano</u>, <u>Dailey</u>, and even <u>Caduceus</u>, amendments asserting new claims <u>can</u> relate back to the original pleading as long as they arise out of the same conduct, transaction, or occurrence as the claims within the original. The proper focus of the inquiry is not whether the amended pleading sets forth a new or different claim, but whether the claims within the amended pleading are part of the same conduct, transaction, or occurrence as in the original pleading. Accordingly, we approve the second line of cases, which recognizes that while amendments with new claims do not always relate back, they can do so if the claims are not factually distinct from those within the original complaint.

In the instant case, we approve the Fourth District's finding that Respondents' Title IX claim does relate back to their original pleading. The Title IX claim arose out of the same conduct as the original negligence claims—the alleged molestation of students by their teacher and the School Board's failure to protect against that harm. In the trial court's order on the School Board's motion to dismiss the Title IX claim, the court found no relation back because the initial complaint "alleged that the School Board <u>negligently</u> breached its duty," whereas the third amended complaint alleged that the School Board "acted with <u>deliberate indifference</u>" in violation of Title IX. However, such differing terms do not indicate different facts. Instead, they indicate that the facts are being described in legal terms to demonstrate specific elements of each cause of action. And claims requiring proof of different elements can still relate back. <u>See, e.g.</u>, <u>Fabbiano</u>, 91 So. 3d at 896 (finding that battery claim related back to negligence claim because both involved same plaintiff, same injuries, and same damages and, therefore, "arose from the same occurrence").

Although the allegations within the Title IX claim were more specific, the factual underpinnings of the original claims were similar enough to the new claim to put the School Board on notice that it could be held responsible for any harm

resulting from the alleged conduct.[8]  "Although additional allegations of fact were inserted into the complaint as it progressed through its steps, and the legal theories of recovery were supplemented and modified, the substantive factual situation remained the same as that found in the original complaint . . . ."  Flores, 35 So. 3d at 147.  Therefore, we approve the Fourth District's decision below, reversing the trial court's dismissal of Respondents' Title IX claim.

## CONCLUSION

We hereby approve the Fourth District's decision in Janie Doe 1 ex rel. Miranda v. Sinrod, 117 So. 3d 786 (Fla. 4th DCA 2013), and disapprove cases such as Trumbull Insurance Co. v. Wolentarski, 2 So. 3d 1050 (Fla. 3d DCA 2009); Page v. McMullan, 849 So. 2d 15 (Fla. 1st DCA 2003); Arnwine v. Huntington National Bank, N.A., 818 So. 2d 621 (Fla. 2d DCA 2002); West Volusia Hospital Authority v. Jones, 668 So. 2d 635 (Fla. 5th DCA 1996); and Daniels v. Weiss, 385 So. 2d 661 (Fla. 3d DCA 1980), to the extent that they establish a bright-line rule that an amendment asserting a new claim can never relate back to the filing of the original pleading.

---

8. For example, the original complaint alleged a failure to remove the teacher from the premises after being notified of his sexual misconduct toward other students, and the amended complaint alleged that another sexual assault by the teacher was reported to the vice-principal and the principal by the father of another student years before instant report.

It is so ordered.

LABARGA, C.J., and PARIENTE, and LEWIS, JJ., and PERRY, Senior Justice, concur.
CANADY and POLSTON, JJ., concur in result.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Application for Review of the Decision of the District Court of Appeal – Direct Conflict of Decisions

Fourth District - Case No. 4D11-3004

(Palm Beach County)

Shannon Patricia McKenna of Conroy, Simberg, Ganon, Krevans, Abel, Lurvey, Morrow & Schefer, P.A., Hollywood, Florida,

for Petitioner

Marc A. Wites of Wites & Kapetan, P.A., Lighthouse Point, Florida,

for Respondents