PER CURIAM.
After inmate Michael Halveland died, his estate via his mother brought a wrongful death action against the Department of Corrections. The estate challenges the trial court’s ruling, which dismissed the action as time-barred based on this Court’s decision in Green v. Cottrell, 172 So.3d 1009, 1011 (Fla. 1st DCA 2015), which held that *1038 the one-year statute of limitations for prisoners bringing suit under , section 95.11(5)(g) applied, as opposed to section 768.28(14)), Florida Statutes. Our decision was recently reversed in Green v. Cottrell, 204 So.3d 22 (Fla. 2016), the supreme court holding that the four-year statute of limitations in section 768.28(14) governs a prisoner action where the prisoner suffers “physical injury due to the negligent or wrongful act or omissions of the employees of a government entity.” Green v. Cottrell, 204 So.3d 22 (Fla. 2016). In light of Green, we vacate the order of dismissal and remand for further proceedings consistent with that decision. See Thornton v. Elliott, 288 So.2d 254, 256 (Fla. 1973); Winter Park Golf Estates v. City of Winter Park, 114 Fla. 350, 361, 153 So. 842 (Fla. 1934)). Because the order for sanctions against the estate was based in substantial part on the estate’s disagreement with this Court’s decision in Green, that order is vacated with instructions that the trial court review the motion in light of the supreme court’s recent decision as well.
VACATED AND REMANDED.
WETHERELL, MAKAR, and KELSEY, JJ., CONCUR.