# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-1822

_____

ELIZABETH HALVELAND,
individually and as a Personal
Representative of the ESTATE OF
MICHAEL HALVELAND, deceased,

    Appellant,

      v.

FLORIDA DEPARTMENT OF
CORRECTIONS, an Agency of the
State of Florida, ISAAC
ANDREWS, both in his individual
and official capacity as a
Correctional Officer of Florida
Department of Corrections,
CARLTON SPOONER, both in his
individual and official capacity
as an Officer of Florida
Department of Corrections,
JENNIFER REEVES, both in her
individual and official capacity
as an Officer of Florida
Department of Corrections,
PATRICK JASON WILLIAM, in his
individual capacity,

    Appellees.

_____


On appeal from the Circuit Court for Washington County.
Timothy Register, Judge.

May 21, 2019

WOLF, J.

Appellant argues that the trial court erred in not allowing her to amend her complaint to add a cruel and unusual punishment claim pursuant to 42 U.S.C. § 1983 against 3 correctional officers. We have jurisdiction because appellant voluntarily dismissed all other counts against the officers; thus, the effect of the order was to completely dispose of the action as to them. *See* Fla. R. App. P. 9.110(k).

The trial court refused to allow appellant to amend her complaint because it found (1) the statute of limitations had run on the federal cause of action, and the amended complaint did not relate back to the original complaint; and (2) it lacked the authority to permit appellant to amend her complaint because doing so would exceed the court's specific instructions on remand of an earlier appeal in this case. We find the trial court erred in both determinations and reverse and remand to allow appellant to file her third amended complaint.

## FACTS

Appellant was the mother and personal representative of the estate of an inmate who died while incarcerated. In August 2015, she brought a cause of action against several defendants including the Department of Corrections, the inmate who was responsible for the death, and 3 correctional officers.

Appellant filed her original complaint in August 2015. Pertinent to this appeal, she brought claims for wrongful death and intentional infliction of emotional distress against the officers and the Department, as well a claim for intentional infliction of emotional distress against the officers. The complaint included the following general factual allegations:

20. On or about August 10, 2013, one of the officers was conducting showers in G1 Dormitory when inmate Williams advised him that [the decedent] needed

2

assistance. Later, the other 2 officers responded to the call for assistance of [the decedent].

21. Officers of [the prison], including but not limited to [appellees], found [the decedent] down on the floor and unresponsive in his prison cell.

22. On or about 9:00 p.m. on August 10, 2013, [the decedent], in critical condition was intubated by EMS and taken to Bay Medical Center.

The complaint alleged that the inmate passed away on August 12. An autopsy determined he had multiple contusions and abrasions on his face, head, and abdominal area, and he died of "blunt force head trauma as a result of the assault by another." The doctor "noted that a period of time passed between sustaining head trauma and [the decedent's] subsequent presentation for medical care." The decedent's cellmate was later charged with manslaughter perpetrated by beating the decedent "on or about August 8, 2013 through August 10, 2013."

Specifically as to the wrongful death count against the officers, the complaint alleged that the decedent had "noticeable injuries," yet the officers failed to timely "investigate . . . inspect . . . [or] adequately respond to" these injuries, and they failed to "provide or ensure that [the decedent] receive[d] proper medical care and assistance." Similarly, as to the count for intentional infliction of emotional distress, the complaint alleged the officers "could have investigated the cause of [the decedent's] injuries and seek [sic] for [the decedent] to be provided with immediate medical assistance . . . during the span of at least (2) days," but instead "disregard[ed] the presence of any injuries."

The trial court dismissed with prejudice the wrongful death claims against the Department and the officers, finding they were time-barred by a one-year statute of limitations pursuant to this court's decision in *Green v. Cottrell*, 172 So. 3d 1009 (Fla. 1st DCA 2015). The court also dismissed with prejudice the intentional infliction of emotional distress claim against the officers. Appellant filed an appeal to this court.

3

While the appeal was pending, the supreme court reversed this court's decision in *Green*, 172 So. 3d 1009, finding a 4-year statute of limitations applied to this type of wrongful death action. *Green v. Cottrell*, 204 So. 3d 22, 29 (Fla. 2016). This court remanded, stating: "In light of *Green*, we vacate the order of dismissal and remand for further proceedings consistent with that decision." *Halveland v. Florida Dep't of Corr.*, 219 So. 3d 1037, 1038 (Fla. 1st DCA 2017).

On remand, there was apparently no dispute that the wrongful death actions were timely filed pursuant to the 4-year statute of limitations set forth in *Green*. However, the officers moved to dismiss that count as it pertained to them, arguing they were protected by sovereign immunity.

Before the court ruled on that motion, appellant moved to file a third amended complaint. This complaint did not include a wrongful death claim against the officers, and appellant confirmed she intended to abandon that count as to them. The third amended complaint sought to add counts against the officers and the Department for cruel and unusual punishment pursuant to 42 U.S.C. § 1983. This federal cause of action contained additional allegations against the Department, including that they failed to prevent the attack; failed for over a week to investigate the cause of the decedent's injuries and to obtain medical care for them; failed to review the decedent's medical records, which would have shown he had pre-existing conditions that put him at a greater risk of harm; and intentionally failed to provide access to emergency medical care.

During a hearing, the officers argued that the motion to amend should be denied because the statute of limitations period to bring the federal action had run, and the amended complaint did not relate back to the original complaint.

The trial court entered a written order denying appellant's motion for leave to amend the complaint to the extent that she sought to add a 1983 action against appellees or the Department. The court found the amended complaint did not relate back because it contained factually distinct allegations that did not relate back to the "sparse" allegations in the original complaint. Alternatively, the court found it lacked the authority to permit

4

appellant to amend her complaint with a new cause of action because doing so would exceed the specific directions in this court's opinion remanding for "further proceedings consistent with [*Green*]."

## THE AMENDED COMPLAINT RELATED BACK TO THE ORIGINAL COMPLAINT

"The Florida Rules of Civil Procedure encourage a policy of liberality in allowing litigants to amend their pleadings, especially prior to trial; this policy exists so that cases will be tried on their merits." *Morgan v. Bank of New York Mellon*, 200 So. 3d 792, 795 (Fla. 1st DCA 2016) (citing Fla. R. Civ. P. 1.190(a); *Hatcher v. Chandler,* 589 So. 2d 428, 429 (Fla. 1st DCA 1991)).

However, this policy does not apply where the statute of limitations has run. "Although amendments should be permitted liberally, one cannot defeat the bar of the statute of limitations by filing a new cause of action labelled as an amended complaint. The rule of liberality does not authorize a new cause of action." *Sch. Bd. of Broward Cty. v. Surette*, 394 So. 2d 147, 154 (Fla. 4th DCA 1981) (citing *Cox v. Seaboard Coast Line R. Co.*, 360 So. 2d 8 (Fla. 2nd DCA 1978); *Versen v. Versen*, 347 So. 2d 1047 (Fla. 4th DCA 1977)).

Here, it is undisputed that the statute of limitations has run on the federal claim. The trial court denied the motion to amend because the court found the amended complaint did not relate back to the original complaint and exceeded the scope of remand.[1]

We review the determination of whether an amended complaint relates back to the filing of the original complaint de novo. *Kopel v. Kopel*, 229 So. 3d 812, 815 (Fla. 2017).

"An amended complaint raising claims for which the statute of limitations has expired can survive a motion to dismiss if the claims relate back to the timely filed initial pleading." *Id.* An

---

[1] Notably, the trial court did not make any findings regarding whether the privilege to amend had been abused.

amendment relates back "[w]hen the claim or defense asserted in the amended pleading *arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . . .*'" Fla. R. Civ. P. 1.190(c) (emphasis added).

Even if two complaints allege slightly different facts or theories of recovery, a finding of relation back is not automatically precluded. *Kopel*, 229 So. 3d at 818. "[A]s long as the initial complaint gives the defendant fair notice of the general factual scenario or factual underpinning of the claim, amendments stating new legal theories can relate back. . . . This is true even where the legal theory of recovery has changed or where the original and amended claims require the assertion of different elements." *Id.* at 816 (approving *Fabbiano v. Demings*, 91 So. 3d 893, 895 (Fla. 5th DCA 2012); *Flores v. Riscomp Indus.*, 35 So. 3d 146, 148 (Fla. 3d DCA 2010); *Kiehl v. Brown*, 546 So. 2d 18, 19 (Fla. 3d DCA 1989)).

The supreme court qualified this general rule by stating, "a newly added claim *could* fail to meet the relation back test if the new claim is so factually distinct that it does not arise out of the same conduct, transaction, or occurrence as the original," even though the new claim was "emanating from the same set of operative facts." *Id.* (quoting *Fabbiano*, 91 So. 3d at 895).

In *Kopel*, the plaintiff filed a complaint demanding repayment of $5 million loaned to his brother and nephew, but he later filed an amended complaint alleging a different theory of recovery – that during settlement negotiations, his nephew and brother agreed to repay the $5 million in exchange for him giving up his interests in companies the parties held together. *Id.* at 813-14. The supreme court found the new claim of an oral contract related back to the original complaint because both alleged that the defendants owed the plaintiff $5 million and refused to pay that amount "regardless of the asserted theory of recovery":

> Both the original and fifth amended complaints allege that (1) Petitioner and [his brother] borrowed $15 million, with Petitioner being liable for $5 million and [the brother] being liable for $10 million; (2) Petitioner loaned such amount to either [his nephew] individually

6

or Respondents collectively; and (3) regardless of the asserted theory of recovery, Respondents, individually and collectively, have failed and refused to pay this amount. Accordingly, the new claim is not factually distinct, but arises out of the same conduct, transaction, or occurrence as that established in the original pleading.

*Id.* at 818.

"[C]laims for federal law violations can relate back to pleadings which previously alleged only violations of the common law." *Janie Doe 1 ex rel. Miranda v. Sinrod*, 117 So. 3d 786, 789 n.4 (Fla. 4th DCA 2013), *approved sub nom. Palm Beach Cty. Sch. Bd. v. Doe*, 210 So. 3d 41 (Fla. 2017). In *Janie Doe*, parents filed suit against their child's teacher and the school board alleging sexual abuse by the teacher. *Id.* at 787-88. The initial complaint alleged common law claims, whereas the amended complaint raised a federal claim under Title IX, which prohibits sex discrimination by recipients of federal education funding. *Id.* at 788 n.2. The Fourth District found the Title IX claim related back because "[b]oth claims arose from the same conduct and resulted in the same injury." *Id.* at 790.

The supreme court agreed, finding the fact that the amended complaint alleged the school board "acted with deliberate indifference," whereas the initial complaint alleged negligence, did not preclude a finding of relating back. *Palm Beach County Sch. Bd.*, 210 So. 3d at 47. "[S]uch differing terms do not indicate different facts. Instead, they indicate that the facts are being described in legal terms to demonstrate specific elements of each cause of action. And claims requiring proof of different elements can still relate back." *Id.* Thus, although the allegations in the Title IX claim were "more specific," the supreme court concluded that the common law claims "*were similar enough* to the new claim to put the School Board on notice that it could be held responsible for any harm resulting from the alleged conduct." *Id.* (emphasis added),

In this case, both the original complaint and the proffered third amended complaint specifically relate to the attack that took place in the prison. Both complaints alleged the officers (1)

failed to investigate the cause and extent of appellant's injuries, and (2) failed to obtain the proper medical care. As in *Kopel*, the claims in both complaints arose out of the same conduct, transaction or occurrence. While several new facts were alleged in the amended complaint, appellees were given fair notice of the factual underpinnings of the claim. Thus, pursuant to *Kopel*, we are required to reverse the trial court's determination that the third amended complaint did not relate back to the original complaint.

### THIS COURT'S INSTRUCTION ON REMAND DID NOT PRECLUDE APPLICATION OF THE RELATION BACK DOCTRINE

Appellant also argues the trial court erred in finding that her attempt to amend her complaint exceeded the scope of remand from this court, which stated, "In light of *Green*, we vacate the order of dismissal and remand for further proceedings consistent with that decision." *Halveland*, 219 So. 3d at 1038.

Both parties seem to agree that an opinion remanding with specific instructions can limit the scope of remand, whereas a broad remand "for further proceedings" does not. *See Collins v. State*, 680 So. 2d 458, 459 (Fla. 1st DCA 1996) ("When an order or judgment is reversed and remanded, the lower tribunal has authority to conduct further proceedings in conformity with the instruction of the appellate court. A reversal and remand with general directions for further proceedings vests the trial court with broad discretion in directing the course of the cause. . . . Where the remand instruction is specific, it is improper to exceed the bounds of that instruction.").

However, they dispute how to interpret this court's instruction on remand. Appellant argues that because this court used the phrase "remand for further proceedings," the lower court was not limited in the scope of remand. However, the officers argue that because this court remanded for further proceedings "consistent with *that* decision," referring to *Green*, the only consideration on remand should have been whether the wrongful death claims were timely pursuant to the 4-year statute of limitations set forth in *Green*.

8

This court addressed this issue in *Fitchner v. Lifesouth Community Blood Centers, Inc.*, 88 So. 3d 269, 276 (Fla. 1st DCA 2012), finding that if an appellate court reverses an interlocutory order entered at a stage of the trial proceeding during which the parties would have been entitled to amend, then amendment on remand is permissible.

Here, as in *Fitchner*, appellant was entitled to amend. The effect of this court's remand was not to decide the case. It was to require consideration of whether the complaint should be dismissed under the supreme court's recent decision in *Green*. It is undisputed that dismissal was not required under *Green*. Thus, as in *Fitchner*, the effect of this court's order was to return the case to the posture it would have assumed if the trial court had correctly denied the officers' motion to dismiss the second amended complaint. Here, that would mean returning the case to the pleadings stage, at which point appellant would have had the opportunity to amend.[2]

It would be illogical to state that if the trial court had correctly denied the officers' motion to dismiss the wrongful death claim, appellant would have been entitled to seek leave to file an amended complaint, but because the trial court erroneously dismissed that complaint, she was not entitled to amend on remand after successfully obtaining a reversal of that dismissal. Thus, the trial court erred in finding the scope of remand did not permit appellant to amend her complaint.

We, therefore, REVERSE the trial court's determination that the third amended complaint did not relate back to the original complaint and REMAND for further proceedings.

LEWIS and WETHERELL, JJ., concur.

---

[2] The statute of limitations of the federal claim did not run until after this court's mandate issued (though appellant waited until after the statute of limitations ran to file her third amended complaint).

9

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Megan Cunningham and Ann Finnell of Finnell, McGuinness, Nezami & Andux, P.A., Jacksonville, for Appellant.

Kenneth Steely, General Counsel, Florida Department of Corrections, Tallahassee, Ashley Moody, Attorney General, Elizabeth M. van den Berg and Anthony Dean Johnson, Assistant Attorneys General, Tallahassee, for Appellees.