# Third District Court of Appeal
## State of Florida

Opinion filed August 2, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D21-2470
Lower Tribunal No. 16-4811
_____

## Rolando Orama Garcia, et al.,
Appellants,

vs.

## Serge Myrtil, et al.,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Charles K. Johnson, Judge.

Davis, Giardino, Hrivnak, & Okon, PLLC, and Wayne T. Hrivnak (West Palm Beach), for appellants.

Quintairos, Prieto, Wood & Boyer, P.A., and Reginald J. Clyne, and Michelle D. Cofiño, and Kimare S. Dyer, for appellee Mekka Miami Group Corp.

Before SCALES, LINDSEY, and GORDO, JJ.

LINDSEY, J.

Appellants (Defendants below) Rolando Orama Garcia and Ali Isabel Casanola appeal from an order dismissing their third-party Complaint against Appellee Mekka Miami Group Corp. (the "Nightclub"). The underlying action stems from a car accident caused by Garcia while he was driving under the influence[1]. Over six years after the accident, Appellants filed a third-party Complaint against the Nightclub for allegedly serving Garcia alcohol while he was under the legal drinking age. The trial court concluded that Appellants' third-party claims were beyond the four-year statute of limitations and subject to dismissal. Appellants argue their claims are for indemnification and therefore do not accrue until a judgment is rendered against them. Because Appellants fail to set forth a basis for imposing a duty on the Nightclub to defend and indemnify them, we affirm.

## I.    BACKGROUND

It is undisputed that early in the morning on February 1, 2015, Garcia drove his vehicle at an excessive speed while above the legal blood alcohol limit and crashed into the back of the vehicle Serge Myrtil was driving, which was stopped at a red light. Myrtil sued Garcia and Casanola. Myrtil also brought claims against the Nightclub pursuant to Florida's Dram Shop Law, § 768.125, Florida Statutes, based on allegations that the Nightclub served

---

[1] Casanola is the owner of the vehicle Garcia was driving.

alcohol to Garcia, who was under the legal drinking age.[2]  After several years of litigation, the case went to trial in September 2018, which ended in a mistrial.  A new trial date was set, but before a new trial occurred, Myrtil settled with the Nightclub and voluntarily dismissed all claims against the Nightclub with prejudice.

A few days later, Appellants sought leave to file a third-party complaint against the Nightclub.  The complaint was filed on February 26, 2021, over six years after the car accident.  Appellants' operative third-party Complaint asserts five counts against the Nightclub.[3]  Some counts appear to assert

---

[2] Florida's Dram Shop Law generally prohibits liability against someone who sells or furnishes alcohol to another *unless* that person willfully and unlawfully provides alcohol to someone under the legal drinking age:

> A person who sells or furnishes alcoholic beverages to a person of lawful drinking age shall not thereby become liable for injury or damage caused by or resulting from the intoxication of such person, except that a person who willfully and unlawfully sells or furnishes alcoholic beverages to a person who is not of lawful drinking age or who knowingly serves a person habitually addicted to the use of any or all alcoholic beverages may become liable for injury or damage caused by or resulting from the intoxication of such minor or person.

§ 768.125, Fla. Stat. (2022).

[3] Appellants also brought claims against the Nightclub's insurer.  All claims against the insurer were ultimately dismissed, and Appellants have not challenged this on appeal.

that the Nightclub is *directly liable* for damages caused by willfully and unlawfully serving alcohol to Garcia. Other counts are based on a theory of indemnification. More specifically, Appellants allege that pursuant to Florida's Dram Shop Law, the Nightclub is obligated to defend and indemnify them. However, the Complaint fails to explain how this alleged duty to indemnify arises from the statute.

The Nightclub moved to dismiss, arguing that Appellants' causes of action were barred by a four-year statute of limitations. The Nightclub also argued that the third-party Complaint failed to state causes of action for indemnification. Following a hearing, the trial court agreed that all claims were barred by the four-year statute of limitations and therefore granted the Nightclub's motion to dismiss with prejudice. Appellants appealed.

## II. ANALYSIS

This Court reviews final orders of dismissal under the de novo standard. See, e.g., Palm Beach Cnty. Sch. Bd. v. Doe, 210 So. 3d 41, 43 (Fla. 2017). It is undisputed on appeal that to the extent Appellants' third-party Complaint alleges that the Nightclub is directly liable for damages caused by willfully and unlawfully serving alcohol to a minor, those claims

are barred by the four-year statute of limitations set forth in § 95.11(3), Florida Statutes (2022).

Appellants argue their claims survive because they are claims for indemnification. Appellants are correct that in general, a claim for indemnification does not accrue until a judgment has been rendered against an indemnitee. See, e.g., Allstate Ins. Co. v. Metro. Dade County, 436 So. 2d 976, 978 (Fla. 3d DCA 1983) ("[It is a] well established principle that in indemnification actions, the statute of limitations does not begin to run until the indemnitee pays on an obligation."). And indeed, nearly all of Appellants' briefing and citation to authority is dedicated to arguing this point.

Appellants, however, have not set forth a basis for imposing a duty on the Nightclub to defend and indemnify them. The allegations in the operative third-party Complaint simply assert that the Nightclub has a duty to defend and indemnify the Appellants pursuant to § 768.125. The relevant plain language permits liability against someone who willfully and unlawfully sells alcohol to a minor for damage caused by or resulting from intoxication. But nothing in the plain language imposes a duty to defend and indemnify other tortfeasors:

> [A] person who willfully and unlawfully sells or
> furnishes alcoholic beverages to a person who is not
> of lawful drinking age or who knowingly serves a
> person habitually addicted to the use of any or all

5

> alcoholic beverages may become liable for injury or damage caused by or resulting from the intoxication of such minor or person.

Id.

Appellants have not cited any cases involving § 768.125. Neither have they cited any authority for the proposition that § 768.125 gives rise to a duty to indemnify. Rather, nearly all the cases Appellants cite involve *contractual* indemnification and address the accrual of indemnification claims.[4]

In <u>Allstate Insurance</u>, a case Appellants rely on in support of their accrual argument, this Court explained the general rule that indemnity shifts the loss from one who is without fault to another based on some form of special relationship:

> Indemnity, on the other hand, shifts the entire loss from one who, although without active negligence or fault, has been obligated to pay, because of some vicarious, constructive, derivative, or technical liability, to another who should bear the cost because it was the latter's wrongdoing for which the former is held liable. Indemnification rights derive from the relationship between a party like the appellant and the party causing the injury. Given the requisite relationship, and assuming that the party seeking indemnification was not at all responsible for the injury, the injuring party becomes liable to the payor.

436 So. 2d at 978 (citation omitted).

---

[4] Appellants do not allege that their indemnification claims arise from a contract.

6

Here, Appellants have pointed to no special relationship that would give rise to a duty to indemnify. Moreover, it is undisputed that Garcia, the intoxicated driver of the vehicle, was at fault.[5] <u>See</u> <u>Dade Cnty. Sch. Bd. v. Radio Station WQBA</u>, 731 So. 2d 638, 642 (Fla. 1999) ("For a party to prevail on a claim of common law indemnity, the party must satisfy a two-prong test. First, the party seeking indemnification must be without fault, and its liability must be vicarious and solely for the wrong of another. Second, indemnification can only come from a party who was at fault. Additionally, Florida courts have required a special relationship between the parties in order for common law indemnification to exist." (citations omitted)).

## III. CONCLUSION

Given Appellants' failure to set forth a basis in their third-party Complaint for imposing a duty on the Nightclub to defend and indemnify them and the lack of legal authority in support of this argument, we affirm the trial court's dismissal.

Affirmed.

---

[5] In their third-party Complaint, Appellants admit that Garcia was speeding and driving under the influence when he hit Myrtil, who was stopped at a red light. Further, during the pendency of this appeal, a verdict was rendered, and final judgment was entered against Appellants, finding them liable for damages.